# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1603012462 |
| | ) | |
| DAVID A. CROSBY-AVANT, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: May 11, 2020
Date Decided: May 19, 2020

## ORDER

Upon consideration of Defendant's Motion to Modify Probation Sentence ("Motion"), State's response thereto, Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On February 22, 2017, Defendant was found guilty of two counts of Possession of a Firearm by a Person Prohibited ("PFBPP") and Assault Third Degree.[1] By Order dated November 17, 2017,[2] effective July 20, 2016, Defendant was sentenced as follows: for PFBPP, IN16-04-0017, 10 years at Level V, suspended after 5 years, for 6 months at supervision Level IV Work Release, followed by 1 year at supervision Level III;[3] for PFBPP, IN16-04-1664, 5 years at

---

[1] D.I. 26

[2] D.I. 44

[3] The first 5 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 1448.

Level V, suspended for 1 year at supervision Level III; for Assault Third Degree, IN16-04-1662, 1 year at Level V, suspended for 1 year at supervision Level II.[4]

2.      In the instant Motion, Defendant asks the Court to modify his 6 months of Level IV Work Release on PFBPP, IN16-04-0017, to 6 months of Level IV Home Confinement or 6 months Level III supervision.[5]   In support of this request, Defendant cites his commitment to care for his daughter, successful completion of educational and rehabilitative programs while incarcerated, and desire to reintegrate back into society and build a better life for his family.[6]

3.      In response to the Motion, the State strongly opposes modifying Defendant's sentence to Level IV Home Confinement or Level III supervision.[7] Because Defendant's PFBPP sentences stem from Defendant accidently shooting his father while living at his mother's house, the State is concerned that Defendant's mother's house would not be suitable for Home Confinement.[8]  In addition, the State

---

[4] All probation is concurrent.

[5] D.I. 54.

[6] *Id.*  Defendant has received certificates for his participation in:  (1) Employment Skills Program; (2) HRYCI Employment Skills Class; (3) Workforce Skills Training; (4) American Traffic Safety Services Association – Certified Flagger; (5) 2Q Brother-2-Brother Men's Group; (6) Microsoft Powerpoint - 60 Hours; (7) Project New Start's Money Management & Money Letters Programs; (8) HRYCI HeadStart Home Program; (9) Victim Impact/Courage to Change Program; and (10) The Gateway Foundation Program.

[7] D.I. 58.

[8] *Id.*  Defendant indicates that if the Court sentences him to Level IV Home Confinement, he would like to serve that Home Confinement at his mother's house, where his daughter resides.

opposes the proposed flow down from Level V to Level III without Defendant completing additional rehabilitative programs available at Level IV.[9]

4. Superior Court Criminal Rule 35 governs motions for modification of sentence. Under Rule 35(b), "[t]he Court may . . . reduce the . . . the term or conditions of partial confinement or probation, at any time."[10] Defendant's Motion is not time-barred because he seeks to modify the Level IV portion of his sentence.

5. While the Court commends Defendant for his rehabilitation and educational efforts while incarcerated and his desire to care for his daughter, the Court finds that Defendant's sentence is appropriate for all the reasons stated at the time of sentencing and in the State's Response.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Modify Probation Sentence is **DENIED**.

*Jan R. Jurden*
_____
Jan R. Jurden, President Judge

Original to Prothonotary

cc:  David A. Crosby-Avant (SBI # 00579118)
     Albert J. Roop, DAG
     Christina L. Ruggiero, PDO

---

[9] *Id.*
[10] Super. Ct. Crim. R. 35(b).